IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 8, 2020

## MARCUS VAUGHN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 16-06944, C1601169   James M. Lammey, Judge**

_____

### No. W2019-02054-CCA-R3-PC

_____

The Petitioner, Marcus Vaughn, pleaded guilty to one count of attempted rape, and he received a five-year sentence on probation.  The Petitioner filed a petition for post-conviction relief, and the post-conviction court denied his petition on the ground that the statute of limitations barred its consideration of his claims.  The Petitioner appeals.  After review of the record and the parties' briefs, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

Marcus Vaughn, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS AND PROCEDURAL HISTORY

The Petitioner, Marcus Vaughn, pleaded guilty to attempted rape and was sentenced to five years of probation on September 28, 2017.  On August 7, 2019, the Petitioner filed a pro se petition for post-conviction relief.  In his petition, the Petitioner asserted that the one-year statute of limitations that would otherwise bar his petition should not apply because his trial attorney coerced and pressured him and because he is mentally disabled.  The Petitioner claimed as grounds for post-conviction relief that he did not freely and

voluntarily enter into his plea agreement, that his conviction was based on the use of a coerced confession, that evidence was obtained by an unlawful arrest, that the prosecution failed to disclose evidence favorable to his defense, that his conviction violated the constitutional protection against double jeopardy, that he was denied effective assistance of counsel, and that there was newly discovered evidence.

On October 29, 2019, the post-conviction court denied his petition without a hearing on the ground that the statute of limitations barred the court's consideration of his claims. The Petitioner appealed the post-conviction court's order. The State filed a Motion to Affirm Judgment Pursuant to Rule 20, Rules of the Court of Criminal Appeals. On March 18, 2020, this court denied the State's motion, but we ordered the Petitioner to file an amended brief within thirty days of the order because his original brief failed to comply with Tennessee Rule of Appellate Procedure 27(a). The Petitioner filed an amended brief, and we proceed to consider his claims.

## ANALYSIS

The Petitioner appeals the post-conviction court's dismissal of his petition, but he does not challenge its finding that the statute of limitations barred consideration of his petition. A petitioner may request post-conviction relief by asserting grounds alleging that his "conviction or sentence is void or voidable because" it abridged his constitutional rights provided by the Tennessee or the United States constitutions. T.C.A. § 40-30-103. To obtain post-conviction relief, a petitioner must prove the allegations of fact made in the petition by clear and convincing evidence. *Id.* § 40-30-110(f). The judgment of the post-conviction court may be appealed to this court. *Id.* § 40-30-116.

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction relief petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* Three statutory exceptions permit otherwise time-barred claims to be filed; those claims involve new constitutional rights requiring retroactive application, new scientific evidence in certain cases, and sentences enhanced by subsequently overturned convictions. *See id.* § 40–30–102(b).

Our courts have also recognized that due process occasionally requires the statute of limitations to be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Included in this due process protection is the requirement that the limitations period be tolled during the period of time that a petitioner is mentally incompetent. *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000). However, a petitioner claiming mental incompetency as a reason for tolling the limitations period must make "specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal

2

rights and liabilities" rather than a "mere assertion of a psychological problem." *State v. Nix*, 40 S.W.3d 459, 463, 464 (Tenn. 2001).

On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). "[Q]uestions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." *Fields v. State*, 40 S.W.3d 450, 456 (2001) (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997)). Additionally, appellate courts may not "substitute their own inferences for those drawn by the trial court." *Id.* (citing *Henley*, 960 S.W.2d at 579). This court reviews "a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013) (citations omitted).

The Petitioner has not shown that the post-conviction court erred in dismissing his petition on statute of limitations grounds. The Petitioner's judgment was entered on September 28, 2017, and it became final on October 28, 2017. The statute of limitations ran on October 28, 2018. He filed his petition for post-conviction relief on August 7, 2019, more than nine months after the period allowed by statute. Additionally, he failed to establish in his petition that any of the exceptions to the limitations period apply. Although he alleged in his petition that the statute of limitations period should have been tolled because he is "mentally disabled", the Petitioner did not specify his mental disability and did not make specific factual allegations demonstrating his inability to manage his personal affairs or understand his legal rights and liabilities. He also failed to allege how his mental disabilities prevented him from filing a timely petition for post-conviction relief. Therefore, the post-conviction court properly dismissed the petition, and the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE